IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES YANCEY,** | : | CIVIL ACTION |
| **RAFAEL COLON,** | : | |
| **HOWARD HUGAR,** | : | |
| **FRANCIS FERRI,** | : | |
| **BRUCE KELEMAN, and** | : | |
| **HARRY WILLIAMS** | : | |
| v. | : | |
| **THOMAS W. CORBETT, JR,** | : | |
| Attorney General of the | : | |
| Commonwealth of Pennsylvania | : | NO. 07-cv-1251 |

### MEMORANDUM AND ORDER

On March 28, 2007, six separate petitioners, all inmates in the Pennsylvania state prison system, filed one single document with this court, in which they collectively allege that their rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the Ex Post Facto, Supremacy and Habeas Corpus Clauses of the United States Constitution, have been violated by the state of Pennsylvania.[1] Petitioners collectively attempt to make a collateral attack on their convictions and/or sentences by attacking the constitutionality of Pennsylvania statutes governing post-conviction relief.[2]

Congress has provided that in the context of a petitioner who is in state custody, relief is available only pursuant to 28 U.S.C. §2254 for constitutional attacks on the imposition *or* the execution of a state conviction and/or a state sentence. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

---

[1]Petitioners also allege that their rights under the Americans With Disabilities Act have been violated by the state of Pennsylvania.

[2]Petitioners also allege that they have newly discovered evidence of their innocence.

1

Dockets.Justia.com

The instant situation clearly falls into the broad category of cases marked out by the United States Court of Appeals for the Third Circuit in <u>Benchoff</u> and <u>Coady</u>; accordingly, this petition clearly seeks a type of relief only available pursuant to 28 U.S.C. §2254.

There is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief under 28 U.S.C. §2254; moreover, there is nothing to indicate that any or all of the six petitioners here were convicted in the same state criminal proceeding; moreover there is nothing to indicate that any or all of the six petitioners played a role in committing the same crime.  As a practical matter, there may possibly be allegations, defenses, evidence, witnesses, theories of recovery, and disputed and undisputed facts which are germane to the arguments of one, or some petitioners, but not to all petitioners.

We further note that the venue provisions of 28 U.S.C. §2241(d), which are applicable to all 28 U.S.C. §2254 actions, provide that venue in situations such as this is appropriate in the federal district court for the district where the petitioner ***was convicted and/or is incarcerated***.  All six petitioners are currently incarcerated in Pennsylvania correctional facilities located within the territorial confines of the Middle District of Pennsylvania, and of the six petitioners, only one, Francis Ferri, states which county Court of Common Pleas convicted him.  (Mr. Ferri was convicted in the Court of Common Pleas of Allegheny County, which lies within the territorial confines of the Western District of Pennsylvania).  It is thus clear that this court does not have venue over Mr. Ferri's claims.  It is also clear that this court cannot determine, based on what has been presented to it, if it has venue over any of the other five petitioners.

We further note that none of the six petitioners has either applied for leave to

proceed *in forma pauperis* or paid the requisite $5.00 filing fee.

Accordingly, this 12th day of April, 2007, it is hereby **ORDERED** as follows:

1. 07-cv-1251 shall be divided into six separate civil actions seeking relief pursuant to 28 U.S.C. §2254, one bearing the number 07-cv-1251. The Clerk of this Court shall open five new civil actions, in addition to 07-cv-1251, with five new civil action numbers. All six of these said civil actions shall remain on the calendar of the undersigned judicial officer until further Order of the Court.

2. The civil action with the number 07-cv-1251 shall refer solely to the prisoner Francis Ferri, and the other five new civil actions shall each refer individually to just one of the other five petitioners.

3. The original copy of Document #1 in 07-cv-1251, furnished to this court by the petitioners on March 28, 2007, will be placed in the casefile for 07-cv-1251.

4. The Clerk of this Court shall make five photocopies of Document #1 in 07-cv-1251, and each shall be individually labeled as Document #1 in each of the five aforesaid new civil actions, and the dockets in these five new civil actions shall indicate that this Document #1 was filed in all five civil actions on March 28, 2007.

5. *This* Memorandum and Order (the instant document) shall be filed in all six of these said civil actions, and shall be labeled by the Clerk of this Court as being Document #2 in all six of these said civil actions.

6. 07-cv-1251, which at this point relates only to petitioner, Francis Ferri, is transferred to the United States District Court for the Middle District of Pennsylvania, and the Clerk of the United States District Court for the Eastern

District of Pennsylvania shall then mark 07-cv-1251 as **CLOSED** in the United States District Court for the Eastern District of Pennsylvania.

7.  Whereas this petition labeled in all of these civil actions as Document #1 was not filed with the requisite current standard 28 U.S.C. §2254 form, prescribed by this Court, effective December 1, 2004,[3] the Clerk of this Court shall furnish each of the five petitioners Yancey, Colon, Hugar, Keleman and Williams,[4] with a blank copy of this Court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the relevant new civil action number).  Each of these five petitioners shall individually complete this court's current standard form as directed by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (that is, by setting forth the core of their argument on the form itself, without recourse to attachments), including:

> A.  information relevant to the issue of venue pursuant to 28 U.S.C. §2241(d), and
> B.  a statement as to exactly what newly discovered evidence the petitioners claim that they have discovered.

---

[3] Use of this current standard form is required by Local Civil Rule 9.3(b), and is necessary so as to guarantee that the petitioner is made aware of the specific warnings which this court is required to provide to all 28 U.S.C. §2254 petitioners regarding USA v. Thomas, 221 F.3d 430 (3rd Cir. 2000)(which relates to the strict and short statute of limitations in 28 U.S.C. §2254 cases); and, Mason v. Meyers, 208 F.3d 414 (3rd Cir. 2000)(which relates to the so-called "second or successive rule" of 28 U.S.C. §2244, which generally prevents a prisoner from filing a 28 U.S.C. §2254 petition is they had filed a previous 28 U.S.C. §2254 case that was dismissed with prejudice).  (These specific Thomas and Mason warnings are contained in the introductory text of the aforesaid current standard 28 U.S.C. §2254 form).

[4] And not the petitioner Ferri, whose situation has already been discussed in the instant document

8.     After completing the aforesaid form, the petitioners in the remaining five civil actions shall return it to the Clerk of Court within thirty (30) days, together in the same envelope with **_either:_** a completed _in forma pauperis_ application form;  _**or,**_ a check for five dollars.

9.     Failure to comply with the provisions of this Order in any of these newly created civil actions shall result in its dismissal.


                        _s/Thomas N. O'Neill, Jr._
                        **THOMAS N. O'NEILL, JR., U.S. District Judge**